# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RUTHELLE FRANK, et al.,**
        Plaintiffs,

    v.                                      Case No. 11-CV-01128

**GOVERNOR SCOTT WALKER, et al.,**
        Defendants.

## DECISION AND ORDER

Before me is defendants' motion to compel plaintiffs to produce the names of the individuals who participated in a confidential survey analyzed by plaintiffs' expert, Professor Matt Barreto. Defendants claim that plaintiffs are required to disclose the identities of the survey participants under Fed. R. Civ. P. 26(a)(2)(B)(ii).

Rule 26(a)(2)(B)(ii) requires an expert report to include "the facts or data considered by the witness in forming [his opinions]." The purpose of this rule is to ensure that the opposing party has access to any "documents that would be helpful to an understanding of the expert testimony." *Fid. Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 751 (7th Cir. 2005). An expert "considers" data if he actively reviews and contemplates it, even if he ultimately chooses not to rely on it. *Id.* According to plaintiffs, Barreto was never told the names of the survey participants. He only received redacted survey responses that listed a participant's race and answers to questions about what identification documents he or she possessed. These redacted survey responses have already been provided to defendants. Since Barreto did not consider the names of the survey participants when conducting his analysis, I find that plaintiffs were not required

to disclose them. The participants' names will not help defendants understand Barreto's testimony.

**THEREFORE, IT IS ORDERED** that defendants' expedited motion to compel the production of complete and un-redacted survey data (Docket #136) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 27th day of September, 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge