# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RUTHELLE FRANK, et al.,**
        **Plaintiffs,**

    v.                              Case No. 11-CV-01128

**GOVERNOR SCOTT WALKER, et al.,**
        **Defendants.**

## DECISION AND ORDER

Before me is defendants' motion to compel the deposition of plaintiff Ruthelle Frank. Plaintiffs object to the deposition on the ground that the deposition should have been taken prior to the deadline for discovery on August 1, 2012. Since defendants did not file the present motion until after the close of discovery, I can only grant it if they can show that their failure to take the deposition was the result of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see also Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 464 (7th Cir. 2005). Whether a party's omission was the result of excusable neglect is an equitable determination that must take account of all relevant circumstances, including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Defendants state that they did not depose Frank prior to the discovery deadline because two related state court cases were pending, and they thought there would be additional time for discovery once those cases were concluded. I do not believe that this

is enough to establish excusable neglect. I did not indicate that I would change the discovery deadline based on the progress of the state court cases.  I also note that Frank is 86 years old and that defendants did take her deposition in the state court proceedings.

**THEREFORE, IT IS ORDERED** that defendants' expedited motion to compel the deposition of plaintiff Ruthelle Frank (Docket #140) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 8th day of October, 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge