IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

RUTHELLE FRANK, et al.,

       Plaintiffs,

      v.                                Case No. 11-CV-1128

GOVERNOR SCOTT WALKER, et al.,

       Defendants.

---

CIVIL LOCAL RULE 16(c) PRE-TRIAL REPORT

---

Defendants, by their undersigned counsel, hereby respectfully submit this Civil Local Rule 16(c) pre-trial report. *See* Dkt. #123. The following information is provided pursuant to Civil Local Rule 16(c)(1).

**(A)    a short summary, not to exceed 2 pages, of the facts, claims, and defenses;**

**DEFENDANTS' RESPONSE:**

This case is a putative class action involving federal constitutional challenges and challenges brought under Section 2 of the Voting Rights Act of 1965, 42 U.S.C. § 1973, to the voter photo identification requirement of 2011 Wisconsin Act 23 ("Act 23"). That aspect of Act 23 is currently enjoined in Wisconsin state court.

Plaintiffs assert constitutional claims under the Fourteenth and Twenty-Fourth Amendments. They assert that the voter photo identification requirement violates their equal protection and due process rights under the

Fourteenth Amendment. Plaintiffs also assert that Act 23 creates an impermissible poll tax in violation of the Twenty-Fourth Amendment.

Plaintiffs assert claims of vote dilution and vote denial under Section 2 of the Voting Rights Act of 1965. Plaintiffs assert that a number of Wisconsin voters lack any form of Act 23 qualifying identification, including some Plaintiffs and various non-party witnesses. Plaintiffs assert that African American and Latino voters are less likely to possess one of the qualifying forms of identification. Plaintiffs assert that Plaintiffs and various other witnesses face burdens or barriers to obtaining one of the forms of Act 23 qualifying identification.

Plaintiffs assert the existence of seven discrete classes of impacted Wisconsin voters under Federal Rule of Civil Procedure 23, and one sub-class. Plaintiffs assert that this action may be maintained as a class action as to particular claims and that the putative classes satisfy the numerosity, commonality, typicality, and adequacy of representation elements of Federal Rule of Civil Procedure 23.

Defendants assert that Act 23 is constitutional. Act 23 does not impose severe burdens on Plaintiffs' or the putative class members' right to vote. Act 23 advances compelling State interests in deterring and detecting voter fraud, promoting the orderly election administration and recordkeeping, and safeguarding public confidence in the integrity of the election process. Act 23's voter photo identification requirement, including the forms of identification permitted, are directly related to these State interests. Act 23 does not create a poll tax in violation of the Twenty-Fourth Amendment.

Defendants also assert that Act 23 does not violate Section 2 of the Voting Rights Act of 1965 because the voter photo identification requirement does not result in the denial or abridgment of minority voters' right to vote. Although it is true that a number of voters currently lack any form of Act 23 qualifying identification, it cannot be demonstrated that all or even a significant percentage of those voters are also unable to obtain a form of qualifying identification to vote under Act 23. Furthermore, it cannot be demonstrated that Act 23's voter photo identification requirement will have a disproportionate effect on minority voters that results in the denial or abridgement of their right to vote.

Finally, Defendants assert that this action is not properly maintained as a class action, in whole or in part, under Federal Rule of Civil Procedure 23. Plaintiffs cannot establish that any of the putative classes are sufficiently definite and ascertainable or sufficiently numerous, that the claims asserted are common to all class members, or that the proposed class representatives are adequate.

**(B)  a statement of the issues;**

**DEFENDANTS' RESPONSE:**

1)  Whether this action is properly maintained as a class action under Federal Rule of Civil Procedure 23?

2)  Whether the voter photo identification requirement created by Act 23 is constitutional?

3)  Whether the voter photo identification requirement created by Act 23 is legal under Section 2 of the Voting Rights Act of 1965?

**(C)     the names and addresses of all witnesses expected to testify;**

**DEFENDANTS' RESPONSE:**

Defendants expect to call the following witnesses to testify, in addition to witnesses listed by Plaintiffs in their pre-trial report.

Allison Coakley
212 East Washington Avenue
Madison, WI  53703

Sue Ertmer
415 Jackson Street
Oshkosh, WI  54901

Michael Haas
212 East Washington Avenue
Madison, WI  53703

Diane Hermann-Brown
300 East Main Street
Sun Prairie, WI  53590

M. V. (Trey) Hood, III
104 Baldwin Hall
Athens, GA  30602

Kevin J. Kennedy
212 East Washington Avenue
Madison, WI  53703

Bruce Landgraf
821 West State Street
Milwaukee, WI  53233

Jeannette Merten
1076 Cozy Lane
Oshkosh, WI  54901

James Miller
4802 Sheboygan Avenue
Madison, WI  53705

Michael Sandvick
828 West Abbot Avenue
Milwaukee, WI 53221

Robert F. Spindell, Jr.
200 East Wells Street
Milwaukee, WI 53202

**(D)     a statement of the background of all expert witnesses listed;**

**DEFENDANTS' RESPONSE:**

M. V. (Trey) Hood, III is a tenured professor at the University of Georgia with an appointment in the Department of Political Science.  He serves as the Director of Graduate Studies for the Department.  He has been a faculty member at the University of Georgia since August of 1999. He is an expert in American politics, specifically in the area of electoral politics, racial politics, election administration, and Southern politics. He teaches courses on American politics, Southern politics, and research methods and has taught a graduate seminar on the topic of election administration.

**(E)     a list of exhibits to be offered at trial sequentially numbered according to General L. R. 26 where practicable;**

**DEFENDANTS' RESPONSE:**

Defendants intend to offer the following exhibits at trial, in addition to any exhibits listed by Plaintiffs in their pre-trial report.

1.     DOT - DMV Form MV3001 – Wisconsin Driver License (DL) Application

2.     DOT - DMV Form MV3002 – Name and Birth Date Certification

3.     DOT - DMV Form MV3004 – Wisconsin Identification Card (ID) Application

4. DOT - DMV BDS 316 – Acceptable Documents for a Wisconsin Driver License or Identification Card Application, English and Spanish versions

5. DOT – BFS 14 – 09-2012 – Acceptable Identification Documents

6. DOT – Decision Tree for Customer Service Center leads

7. DOT – "Check the Box" free State ID card signage from DMV Customer Service Center Standard Sign Catalog October 2012

8. DOT – Scope Statement for permanent Wis. Admin. Code ch. TRANS 102 revisions

9. DOT – Approval of Statement of Scope for permanent Wis. Admin. Code ch. TRANS 102 revisions from Governor Scott Walker

10. DOT - DMV Technical & Training Services Update 11/28/11

11. DOT – August 4, 2011, press release regarding expanded service and accompanying service map

12. DOT – February 23, 2012, press release regarding renewing DL or state ID with Social Security number

13. DOT – January 30, 2012, Photo ID for Voting Meeting Minutes

14. DOT – Regional DMV service centers map

15. DOT – Section 215 of DMV Driver License Manual

16. DOT – DMV website screenshot regarding obtaining an identification card

17. Professor M. V. Hood, III's expert witness report

18. Professor M. V. Hood, III's supplemental expert witness report

19. All primary and supplemental expert witness reports served or filed by Plaintiffs in *Frank v. Walker*, 11-CV-1128 (E.D. Wis.) ("*Frank*") and *League of United Latin American Citizens (LULAC) of Wisconsin*, 12-CV-185 (E.D. Wis.) ("*LULAC*").

20. Exhibits used at deposition for any expert witness in *Frank* and *LULAC*.

21. GAB – Obtaining a Wisconsin State ID Card for Free (chart)

22.     GAB – Major Impacts of the New Voter Photo ID Bill (PowerPoint slides – 03-28-12)

23.     GAB – Wisconsin's 2011 Voter Photo ID Law – Speaker's Bureau (PowerPoint slides)

24.     GAB – Bring It to the Ballot – A Resource Guide to the Government Accountability Board's Implementation of Wisconsin Act 23: *Voter Photo Identification Law* (March 2012)

25.     GAB – July 1, 2011, letter from Kevin Kennedy to Sen. Alberta Darling and Rep. Robin Vos regarding GAB's plan to use $1,965,200 approved by the Legislature for implementing Act 23.

26.     GAB – December 13, 2011, memorandum from Sharrie Hauge and Reid Magney to the Members of the GAB regarding "Voter Photo ID Law Public Information Campaign"

27.     GAB – G.A.B. Voter Photo ID Law Implementation Strategy memorandum

28.     GAB – February 23, 2012, memorandum from Nathaniel Robinson to Wisconsin Municipal Clerks, City of Milwaukee Election Commission, Wisconsin City Clerks, and Milwaukee County Election Commission regarding "Voter Photo ID Law and Higher Education Institutions"

29.     GAB – Bring It to the Ballot promotional materials, including, but not limited to:
- o  Website
- o  Print ads
- o  Brochures
- o  Handouts
- o  Hand cards
- o  Billboards
- o  Posters
- o  Bus ads
- o  Public service announcements
- o  Videos ("What to Expect at the Polling Place," "How to Get a Free Wisconsin State ID," etc.)
- o  Phone tree
- o  Text messaging program
- o  Social media
- o  Radio and television advertisements
- o  GAB "Speaker's Bureau" PowerPoint presentations

30. GAB – Election official training materials, including, but not limited to:

- o "Wisconsin's New Voter Photo ID Law" handout
- o "A Review of 2011 Election Law Changes – And What's Ahead in 2012"
- o Election Administration Manual for Wisconsin Municipal Clerks, October 2012
- o Election Day Manual for Wisconsin Election Officials, October 2012
- o "Major Impacts of the New Voter Photo ID Bill" memorandum to County and Municipal Clerks
- o "Polling Place Voting Step-by-Step for All Elections Prior to 2012 February Primary" handout
- o "Voter Photo ID and Provisional Voting Information for Chief Inspectors"
- o "Voter Photo ID and Provisional Voting Information for Clerks"
- o PowerPoint presentations ("Chief Inspector Training, Baseline Training 2012-2013," "Municipal Clerk Training, Core Curriculum Course 2012-2013," etc.)
- o Videos ("Voter Photo ID and Absentee Voters," "New Polling Place Procedures," "Exceptions for Some Absentee Voters," etc.)

31. GAB – November 29, 2011, communication from Nathaniel Robinson to Wisconsin Municipal Clerks, City of Milwaukee Election Commission, Wisconsin City Clerks, and Milwaukee County Election Commission regarding "NEW Public Information Brochure on New Photo ID Law (Focus on Indefinitely Confined and Voters in Care Faculties), along with accompanying brochure.

32. GAB – Uniform instructions for Absentee voters, 2011, 2012, and 2013 versions.

33. GAB – "Staff's Preliminary Workplan for Implementing Voter Photo ID in Wisconsin."

34. GAB – Tentative Distribution Plan for Photo ID promotional materials.

35. Uncertified copies of birth certificates of Plaintiffs and witnesses identified by Plaintiffs in *Frank* and *LULAC*.

36. DOT – DMV driver record abstracts for Plaintiffs and witnesses identified by Plaintiffs in *Frank* and *LULAC*.

37. Deposition exhibits from depositions in *Frank* and *LULAC*.

38. Additional relevant documents produced in discovery by Plaintiffs or Defendants in *Frank* and *LULAC*.

39.     "Report of the Investigation into the November 2, 2004 General Election in the City of Milwaukee," Milwaukee Police Department, Special Investigations Unit.

40.     Documents that Plaintiffs in *Frank* and *LULAC* obtained via witness subpoena, including, but not limited to, documents obtained by subpoena from Michael Sandvick, Bruce Landgraf, Sue Ertmer, Jeannette Merten, and Diane Hermann-Brown.

41.     Court records of election fraud prosecutions and convictions.

Defendants reserve the right to offer additional exhibits into evidence at trial in rebuttal to Plaintiffs' evidence.

**(F)     a designation of all depositions or portions of transcripts or other recordings of depositions to be read into the record or played at trial as substantive evidence;**

**DEFENDANTS' RESPONSE:**

Defendants do not intend at trial to read into the record or play as substantive evidence any depositions or portions of transcripts or other recordings of depositions.

Defendants reserve the right to designate depositions or portions of transcripts in response to the designations that Plaintiffs make in their pre-trial report.

**(G)     an estimate of the time needed to try the case;**

**DEFENDANTS' RESPONSE:**

Defendants estimate that it will take approximately three or four days to present their evidence in this case and in *LULAC v. Deininger*, 12-CV-185 (E.D. Wis.).

**(H)  if scheduled for a jury trial:**
        **(i) any proposed voir dire questions;**
        **(ii) proposed instructions on substantive issues; and**
        **(iii) a proposed verdict form.**

**DEFENDANTS' RESPONSE:**

This case is not scheduled for a jury trial.

**(I)  if scheduled for a bench trial, proposed findings of fact and conclusions of law (see Fed. R. Civ. P. 52).**

**DEFENDANTS' RESPONSE:**

Pursuant to the Court's instructions, the parties need not submit proposed findings of fact and conclusions of law until after trial.  Dkt. #135.

Dated this 18th day of October, 2013.

Respectfully submitted,

J.B. VAN HOLLEN
Attorney General

s/Clayton P. Kawski

CLAYTON P. KAWSKI
Assistant Attorney General
State Bar #1066228

MARIA S. LAZAR
Assistant Attorney General
State Bar #1017150

DANIEL P. LENNINGTON
Assistant Attorney General
State Bar #1088694

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin  53707-7857
(608) 266-7477 (Kawski)
(608) 267-3519 (Lazar)
(608) 267-8901 (Lennington)
(608) 267-2223 (fax)
*kawskicp@doj.state.wi.us*
*lazarms@doj.state.wi.us*
*lenningtondp@doj.state.wi.us*

kawskicp\cases\frank - voter id, governor walker, gab, dot\pleadings\civil local rule 16(c) pre-trial report.doc