UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**RUTHELLE FRANK, et al., on behalf of
themselves and all others similarly situated,**
    **Plaintiffs,**

    v.                                       Case No. 11-C-1128

**SCOTT WALKER, in his official capacity as
Governor of the State of Wisconsin, et al.,**
    **Defendants.**
_____

## DECISION AND ORDER

In this suit challenging Wisconsin's photo identification law, 2011 Wis. Act 23, the plaintiffs have moved for leave to file a supplemental complaint adding Andrew Voegele as a plaintiff to this case, as well as for a temporary restraining order requiring the defendants to count the provisional ballot that Voegele cast in Wisconsin on November 8, 2016.

According to Voegele's declaration, he is a citizen of the United States, is 18 years of age or older, and resides in Prescott, Wisconsin, which is on the border between Minnesota and Wisconsin. He moved to Prescott from Minneapolis in August 2016. Voegele continues to work in Minnesota, and he commutes to work by car every weekday. He also visits Minnesota frequently and drives while there. On November 8, 2016, Voegele arrived at his polling place in Prescott, registered to vote, and attempted to cast a ballot. However, he did not have a form of photo identification required by Wisconsin's photo ID law. Voegele then cast a provisional ballot. Under Wisconsin law, for this ballot to be counted, he must present an acceptable form of photo ID to the municipal clerk by 4 p.m. on Friday, November 11, 2016. *See* Wis. Stat. § 6.97(3)(b).

1

However, Voegele does not currently possess any form of acceptable ID. Although he could obtain either a Wisconsin driver's license or a free Wisconsin state identification card, which are acceptable forms of ID under the photo ID law, he does not want to obtain either of these forms of ID, because, under Wisconsin law, to obtain these forms of ID, he would have to surrender his Minnesota driver's license. Voegele states that he does not want to surrender his Minnesota driver's license because, although he intends to reside in Wisconsin for the foreseeable future, he still drives in Minnesota and may decide to return there some day.

Voegele contends that requiring him to surrender his Minnesota driver's license to obtain either a Wisconsin driver's license or a Wisconsin state ID card imposes an undue burden on his right to vote and thus violates the Constitution as it was understood in decisions such as *Anderson v. Celebrezze*, 460 U.S. 780 (1983), and *Burdick v. Takushi*, 504 U.S. 428 (1992)). He seeks leave to file a supplemental complaint and join this case, as well as a temporary restraining order requiring the defendants to count his provisional ballot even if he does not present an acceptable form of photo ID to the municipal clerk by 4p.m. on Friday. The defendants oppose these motions.

First, I conclude that the motion to file a supplemental complaint should be granted. Under Federal Rule of Civil Procedure 15(d), a court may permit a party to serve a supplemental pleading setting out claims arising out of any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. Here, Voegele's claim relates to the overarching issues to be decided in this litigation, namely, whether the photo ID law imposes undue burdens on the voting rights of individuals facing certain specific barriers to obtaining ID. Further, it would conserve

2

judicial resources to fold Voegele's claim into this suit rather than require him to file an entirely separate suit. Accordingly, I will accept the supplemental complaint.

Next, I address Voegele's motion for a temporary restraining order. A request for a temporary restraining order is governed by Federal Rule of Civil Procedure 65, and the standard for deciding whether to grant one is similar to that for granting a preliminary injunction. Thus, to obtain relief, Voegele must demonstrate: (1) a likelihood of success on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of harms tips in his favor, and (4) that an injunction is in the public interest. *See, e.g., Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). As explained below, Voegele has not shown a likelihood of success on the merits. For this reason, I do not consider the other factors.

Voegele does not contend that, if he tried, he would be unable to obtain a free Wisconsin state ID card or a Wisconsin driver's license in time to validate his provisional ballot by 4 p.m. on Friday. Thus, the only obstacle to Voegele's obtaining acceptable ID in time to validate his provisional ballot is his unwillingness to surrender his Minnesota driver's license.[1] However, Voegele states in his declaration that he resides in Wisconsin and intends to do so indefinitely. Decl. ¶ 7, ECF No. 321-1. Under Wisconsin law, a resident of the state cannot legally operate a motor vehicle in the state unless he or she has been issued a Wisconsin driver's license. *See* Wis. Stat. § 343.05(3)(a) & (4)(b)1; *see also* Wis. Stat. § 343.01(2)(g) (defining "resident" for

---

[1] Voegele states in is declaration that he does not wish to pay the $34 fee that Wisconsin charges when it issues a Wisconsin driver's license. However, as I explain in the text, Voegele must pay that fee if he wishes to continue driving in Wisconsin regardless of whether he also wishes to vote in Wisconsin. Thus, the fee is not a burden on his voting rights.

3

purposes of motor-vehicle code as "an adult whose one home and customary and principal residence, to which the person has the intention of returning whenever he or she is absent, is in this state").  Thus, Voegele cannot legally drive in Wisconsin unless he obtains a Wisconsin driver's license and surrenders his Minnesota license.  Although Voegele wishes to drive in both Minnesota and Wisconsin, he does not contend that a Wisconsin resident possessing a valid Wisconsin driver's license cannot legally drive in Minnesota without also possessing a Minnesota driver's license.  Thus, Voegele has no valid reason to possess both a Wisconsin driver's license and a Minnesota driver's license.  If Voegele no longer wishes to drive in Wisconsin, he may obtain a free state ID card.  Although Voegele would have to surrender his Minnesota driver's license in order to obtain the free state ID card, he does not contend that he intends to drive in Minnesota but not drive in Wisconsin.  Nor does he contend that, if he surrendered his Minnesota driver's license and later decided to return to Minnesota and drive there, it would be difficult to obtain a new Minnesota driver's license.  Thus, Voegele has no valid reason to possess both a Wisconsin state ID card and a Minnesota driver's license.

In light of the above, I do not see any way in which requiring Voegele to surrender his Minnesota driver's license to obtain either a free Wisconsin state ID card or a Wisconsin driver's license could be thought to impose an undue burden on his right to vote.  Therefore, Voegele has not shown that he is likely to succeed on the merits of his claim.

Accordingly, **IT IS ORDERED** that the plaintiffs' motion for leave to file a supplemental complaint is **GRANTED**.

4

**IT IS FURTHER ORDERED** that the plaintiffs' motion for a temporary restraining order is **DENIED**.

Dated at Milwaukee, Wisconsin, this 10th day of November, 2016.

        s/ Lynn Adelman
        _____
        LYNN ADELMAN
        District Judge