207 East Buffalo Street, Ste 325
Milwaukee, WI 53202
(414) 272-4032
aclu-wi.org

August 18, 2020

**VIA ECF**
Chief U.S. District Judge James D. Peterson
U.S. District Court for the Western District of Wisconsin
120 N. Henry Street, Room 320
Madison, WI 53703

RE: *Luft v. Evers*, 2:11-cv-1128-jdp (E.D. Wis.)

Dear Chief Judge Peterson:

It has come to our attention that certain filings involving proposed scheduling orders in *Wisconsin Institute, Inc. v. Nichol*, 3:15-cv-324-jdp ("*One Wisconsin*") implicate this case.

Although the parties have not been asked to submit proposed scheduling orders, Dkt. 348, in the spirit of moving swiftly in this voting rights case, Plaintiffs write to apprise the Court that they agree almost entirely with the proposals made by the *One Wisconsin* plaintiffs in their Scheduling Memorandum and ID Petition Process Update, attached herein as Exhibit A. *One Wisconsin*, Dkt. 357.[1] The one point of disagreement is that, to ensure a full record is established, *Luft* Plaintiffs propose that any motions for pre-election IDPP-related relief should be filed no later than Friday, September 18 and that responses should be filed by Friday, September 25, with no reply briefs and with arguments held at the Court's convenience. *See One Wisconsin*, Dkt. 357 at 12-13. *Luft* Plaintiffs additionally request that this Court order Defendants to mail postcards to all registered voters in the State Voter Registration System who are not identified as having a Wisconsin driver's license or ID card, informing these voters of the ID requirement and the IDPP option. This is in essence the flip side of efforts undertaken by the Wisconsin Elections Commission to notify eligible, unregistered voters who have been issued Wisconsin driver's licenses or ID cards about voter registration. *See* State of Wisconsin Mails Postcards to Eligible but Unregistered Residents (June 25, 2020), https://elections.wi.gov/node/6940.

It has also come to our attention that in a filing in *One Wisconsin*, Dkt. 350 at 4—but not in this case—Defendants asserted that no "adequate" protective order exists in *this case.* That is simply incorrect. Defendants agreed to and Judge Adelman entered a stipulated protective order that governs discovery in this case. *See Luft*, Dkt. 272.[2] Thus, Plaintiffs also request that this Court order Defendants to

---

[1] We continue to maintain that *Luft* should remain distinct from *One Wisconsin*.

[2] Instead, Defendants appear to be attempting to resurrect an argument that Plaintiffs would violate the current protective order and certain statutes by contacting voters who discovery shows may have been denied,

1

produce to the *Luft* Plaintiffs any discovery it is producing to the *One Wisconsin* plaintiffs, without delay.

Sincerely,


Karyn L. Rotker
Senior Staff Attorney ACLU of Wisconsin
krotker@aclu-wi.org

CC: All counsel of record (ECF)

---

or had trouble receiving, ID cards. They already raised, and lost, that argument both in federal court, *Luft*, Dkt. 341, as well as state court. *See, e.g.*, *Wisconsin Dep't of Trans. v. ACLU*, No. 2018-AP- 690 (Wis. App. May 15, 2018) (denying Defendants' Motion for Stay because, *inter alia*, there is no identified harm to Defendants if counsel contacts affected voters) (attached as Exhibit B).